IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARLENE D. WINN, )
)
        Plaintiff, )
)
v. ) Case No. 13-2423-JAR-DJW
)
HEALTH SOUTH-MID AMERICA )
REHAB HOSPITAL, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiff Darlene D. Winn, proceeding *pro se* and *in forma pauperis*, filed an employment discrimination complaint against her current employer, Defendant Health South-Mid America Rehab Hospital ("Health South"). Plaintiff alleges that she suffered, and continues to suffer, racial discrimination, work-place harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 11) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons explained in detail below, Defendant's motion is granted with leave to amend.

**I.    Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

>filed within the Rule 6.1(d) time requirements, the court will
>consider and decide the motion as an uncontested motion.
>Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested. Nevertheless, the Court will address the merits of Defendant's motion.

## II. Motion to Dismiss

### A. Facts

The following facts are alleged in the Complaint and read in the light most favorable to Plaintiff. Plaintiff, who is African-American, works for Health South in a secretarial position. Sometime in 2012, Plaintiff's managers told her that she could no longer work overtime, on which Plaintiff had previously depended to supplement her income. At about that same time, Plaintiff's manager hired her daughter in a secretarial role similar to Plaintiff's at a higher wage. Plaintiff's attendance was more strictly enforced compared to her manager's daughter, who is Caucasian. Plaintiff eventually complained to management that she was treated less favorably because of her race. After she made this complaint, she began experiencing hostility from her managers. She noticed them rolling their eyes at Plaintiff, giving her hateful looks, and ceasing to verbally communicate with her.

Sometime in October 2012, Plaintiff received a lackluster performance review. Plaintiff disputes the validity of this review, claiming that it is inexplicably and significantly lower than

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

performance reviews she has been given in the past. Plaintiff also associates this review with retaliation for raising the subject of race in the workplace with her managers.

Sometime in the first half of 2013, Plaintiff filed a discrimination and retaliation charge with the Equal Employment Opportunity Commission ("EEOC"). In May 2013, Defendant initiated disciplinary action against Plaintiff for uniform violations, which she views as retaliatory. Also in May 2013, Plaintiff sought permission to leave a shift early in order to visit her ill father, but Plaintiff's manager counted this as an unexcused absence after stating that they could not find additional help to finish her shift.

### B. Discussion

Because Plaintiff proceeds *in forma pauperis*, the Court may dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[3] A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[4] Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[5] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[6]

---

[3] 28 U.S.C. § 1915(e)(2)(B). The Court also considers the exhibits submitted in support of Plaintiff's Complaint, which were filed on August 26, 2013 (Doc. 7).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[6] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[7] even under this standard, a court need not accept as true those allegations that are conclusory in nature.[8] A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[9]

To establish Plaintiffs' claims of discrimination and retaliation against Health South, Plaintiff must show that she suffered an adverse employment action.[10] Although the Tenth Circuit does take a broad view of what constitutes an adverse employment action, "mere inconvenience or an alteration of job responsibilities" does not qualify under Title VII.[11] An adverse employment action with respect to a discrimination claim "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[12] Plaintiff must show that a reasonable employee would have found the challenged conduct materially adverse.[13] On a retaliation claim, the plaintiff must show that the action "could well dissuade a reasonable worker from making or supporting a charge of discrimination."[14]

---

[7]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8]*Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 & n.5 (10th Cir. 2007) (discussing how elements of prima facie case in discrimination cases vary depending on context); *see also Sorbo v. UPS*, 432 F.3d 1169, 1173 (10th Cir. 2005); *Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008) (retaliation).

[11]*Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998).

[12]*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

[13]*Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1133 (10th Cir. 2010).

[14]*Wheeler v. BNSF Ry.*, 418 F. App'x 738, 750 (10th Cir. 2011).

Here, Plaintiff pleads that she suffered the following adverse employment actions: (1) the elimination of overtime opportunities; (2) a negative performance review; (3) a written disciplinary notice that she violated a workplace dress code policy; and (4) the denial of her request for a work absence to visit her ill father. Plaintiff fails to plead sufficient facts to establish that these latter three actions constitute adverse employment actions. Plaintiff does not allege in her Complaint or supporting documentation that she suffered any negative consequence as a result of the performance review, the disciplinary notice, or the denial of her leave request. Plaintiff does not claim that she was terminated, her wages were decreased, her hours were cut, or that there was a substantial change in her job responsibilities as a result of these actions. Without something more, none of these three actions can be considered materially adverse employment actions against Plaintiff.

Plaintiff's claim that she was denied the opportunity to work overtime remains. The Tenth Circuit has found that a denial of overtime benefits may be considered an adverse employment action.[15] Assuming the facts alleged as true, Plaintiff suffered an adverse employment action when she was denied overtime opportunity. This action was materially adverse, as she alleges that she depended on overtime to supplement her low hourly wage. However, Plaintiff fails to allege facts that would support an inference that she was denied overtime opportunities because of her race,[16] or that she was denied overtime for opposing an

---

[15]*Id.*

[16]*See, e.g., Jones v. Potter*, No. 09-2222-KHV, 2010 WL 3199631, at *5 (D. Kan. Aug. 12, 2010) (explaining that on a disparate treatment discrimination claim, the plaintiff must show that the defendant had discriminatory intent in taking a job-related action).

employment practice made unlawful by Title VII.[17]  Plaintiff does not allege that she was singled out or that the denial of overtime was based on her race.  She does not allege that other similarly situated Caucasian workers were allowed to work overtime, while she was denied overtime.  Because there are no facts that would support the discriminatory intent requirement of a discrimination or retaliation claim, Plaintiff's overtime theory fails to state a claim for which relief may be granted.  And according to the Complaint, the denial of overtime occurred prior to Plaintiff complaining of differential treatment based on her race.  Therefore, this adverse employment action could not have been retaliatory under the facts alleged in the Complaint.

Finally, Plaintiff alleges a claim of racial harassment in violation of Title VII.  "[E]mployment practices that permeate the workplace with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions" of a plaintiff's work environment and "create an abusive working environment" are in violation of Title VII.[18]  However, even if there is offensive conduct occurring within a workplace, it will not rise to the level of a Title VII violation unless it is ongoing and pervasive.[19]  The conduct must be enough for a reasonable person to find it "hostile or abusive."[20]  Plaintiff's Complaint alleges eye rolling, dirty looks, and failure to communicate verbally by her managers.  Plaintiff does not give any details as to the duration or pervasiveness of these behaviors.  Nor are these contentions stated with enough particularity to indicate they are in relation to a protection afforded under Title VII.

---

[17]*Id.* at *7.

[18]*Nettle v. Central Okla. Am. Indian Health Council, Inc.*, 334 F. App'x 914, 920 (10th Cir. 2009) (citations omitted).

[19]*Id.* at 921.

[20]*Id.* at 922 ("It is not the function of Title VII to make a federal case out of every insulting or unpleasant remark, even those related to protected status.").

6

As such, the Complaint fails to state a claim for racial harassment.

While the Court finds that the motion to dismiss should be granted as uncontested, it would also find that the motion should be granted on the merits as described above. As such, the Court finds that Defendant's motion to dismiss is well taken. However, Plaintiff will be permitted an additional period of time to request leave to amend the complaint.[21] If Plaintiff fails to file a motion for leave to amend that addresses the deficiencies identified by the Court in this Order, this action will be dismissed with prejudice without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 11) pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. Plaintiff may file a motion for leave to amend the complaint, attaching a proposed amended pleading as provided in D. Kan. R. 15.1 by **no later than December 17, 2013**.

**IT IS SO ORDERED.**

Dated: November 26, 2013

                                             S/ Julie A. Robinson

                                             JULIE A. ROBINSON

                                             UNITED STATES DISTRICT JUDGE

---

[21] [A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).